# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ALVIN LIGHTFOOT,** | : | |
| **Plaintiff** | : | **CIVIL ACTION NO. 3:17-1284** |
| **v.** | : | **(JUDGE MANNION)** |
| **THE BANK OF NEW YORK MELLON,** *as Trustee for the Certificate Holders of the CWABS, Inc. Asset-Backed Certificates, Series 2005-17, formerly known as* **The Bank of New York,** | : | |

## MEMORANDUM

On July 20, 2017, the plaintiff filed a complaint and request for injunction, in which he sought, in part, to have this court direct the defendant to cause the Monroe County Sheriff to stay an August 31, 2017, sheriff's sale until it could be determined whether the plaintiff was eligible for a Fannie Mae "Flex" loan modification. (Doc. 1). A motion to expedite hearing for injunctive relief was filed on the following day. (Doc. 3).

A hearing was held on the matter on July 31, 2017.[1] On August 8, 2017, the plaintiff filed a brief in support of his request for injunctive relief. (Doc. 12).

---

[1]At the time of the scheduled hearing, the defendant had not yet entered an appearance and, as such, no representative was present on the defendant's behalf. The plaintiff and his counsel were in attendance, as was a representative for the servicer of the mortgage, which was not named as a defendant to the action, but made an appearance out of an abundance of caution.

The defendant filed a brief opposing the plaintiff's request on August 18, 2017. (Doc. 15). On August 22, 2017, the plaintiff filed a reply brief. (Doc. 16).

By order dated August 25, 2017, the court construed the plaintiff's request as one for a preliminary injunction seeking the stay of a sheriff's sale which was the result of a final judgment in state foreclosure proceedings. The court viewed such a request to be prohibited under the Anti-Injunction Act, 28 U.S.C. §2283. Because the court determined that it lacked the authority to grant the relief which the plaintiff requested, his motion for a preliminary injunction was denied. In all other respects, however, the court found that the plaintiff could proceed with his complaint.[2] The court issued the order of August 25, 2017, so that the parties would be on notice of its conclusion, with an indication that a more detailed memorandum containing the court's reasoning would follow. This memorandum is filed in support of the August 25, 2017 order.

The plaintiff does not dispute the history of his state court foreclosure proceedings, which commenced on March 8, 2012, with the filing of a foreclosure action by the defendant in the Monroe County Court of Common Pleas. The defendant alleged in the state court proceedings that the plaintiff's mortgage was in default because he had failed to make monthly payments of

---

[2]In this regard, the court notes that the defendant filed an answer to the plaintiff's complaint on August 22, 2017. (Doc. 17).

2

principal and interest since November 1, 2008. A final judgment was ultimately entered against the plaintiff in the foreclosure action and a sheriff's sale was scheduled for August 28, 2014. The plaintiff indicates in the present action that he does not challenge anything which occurred in those proceedings.

Prior to the originally scheduled sheriff's sale, on August 26, 2014, the plaintiff filed for bankruptcy under Chapter 13 of the Bankruptcy Code. A Proof of Claim was filed by the defendant in the bankruptcy action, which the plaintiff has not challenged, in which it was certified that the defendant was then owed $351,318.79 and that the plaintiff was then in arrears of $155,468.42.

Ultimately, the plaintiff filed a motion to voluntarily dismiss his bankruptcy action. The plaintiff's motion was granted and his case was dismissed on October 18, 2016.

The plaintiff subsequently filed the instant action in which he alleges misconduct by the defendant in the bankruptcy proceedings and, specifically, in the Bankruptcy Court's Mortgage Modification Mediation Program, ("MMMP"). As indicated above, the plaintiff seeks to have this court direct the defendant to cause the Monroe County Sheriff to stay an August 31, 2017, sheriff's sale until it can be determined whether he is eligible for a Fannie Mae "Flex" mortgage modification. The plaintiff argues that this action is justified

by the defendant's behavior in the Bankruptcy Court's MMMP, wherein he provides that he was led to believe that bankruptcy relief was not needed. The plaintiff argues in his brief that he will suffer irreparable harm if an injunction does not issue but, in the alternative, requests that the court enter judgment in his favor for "not less than $31,712.00 in unwarranted payments to BNY-M, fees and costs of not less than $425.00, attorney fees of not less than $2,500.00 and other losses and expenses."

The grant of injunctive relief, including preliminary injunctive relief, is an extraordinary remedy and it should only be granted in limited circumstances. Am. Tel. & Tel. Co. v. Winback & Conserve Program, Inc., 42 F.3d 1421, 1426–27 (3d Cir. 1994) (quoting Frank's GMC Truck Cent., Inc. v. Gen. Motors Corp., 847 F.2d 100, 102 (3d Cir. 1988)) (alterations in original). The court's ultimate decision to deny a preliminary injunction is discretionary, though legal and factual determinations will be reviewed according to their normal standard. See Tenafly Eruv Ass'n, Inc. v. Borough of Tenafly, 309 F.3d 144, 156 (3d Cir. 2002).

In order to obtain a preliminary injunction, the moving party must demonstrate the following:

> (1) the likelihood that the plaintiff will prevail on the merits at final hearing; (2) the extent to which the plaintiff is being irreparably harmed by the conduct complained of; (3) the extent to which the defendant will suffer irreparable harm if the preliminary injunction is issued; and (4) the public interest.

4

Id. at 1427 (quoting Merchants & Evans, Inc. v. Roosevelt Bldg. Prods., 963 F.2d 628, 623–33 (3d Cir. 1992)). More specifically, the third prong requires a balancing of harms between the plaintiff and the defendant and a finding that the balance favors the plaintiff's request for relief. See Issa v. Sch. Dist. of Lancaster, 847 F.3d 121, 131 (3d Cir. 2017).

"The injunction should issue only if the plaintiff produces evidence sufficient to convince the district court that all four factors favor preliminary relief." Id. Moreover, it is only if the first two prongs are satisfied that the court must inquire into the final two factors. Tenafly, 309 F.3d at 157. Thus, "a failure to show a likelihood of success or a failure to demonstrate irreparable injury must necessarily result in the denial of a preliminary injunction." In Re Arthur Treacher's Franchise Litig., 689 F.2d 1137, 1143 (3d Cir. 1982). However, if a plaintiff proves the first two requirements, it will almost always be the case that the public interest favors preliminary relief, Issa, 847 F.3d at 143, leaving the crux of the matter to the balance of competing interests.

In considering the above, the plaintiff's request fails based on the first two requirements for issuing a preliminary injunction. Therefore, the court need not and will not address the final two requirements. See Tenafly, 309 F.3d at 157. Initially, the plaintiff has failed to show a likelihood of success on the merits. Although the plaintiff attempts to argue that this case does not involve matters adjudicated or waived in the state court foreclosure

5

proceedings, the plaintiff is attempting to stay the sheriff's sale of his home, which is the direct result of a judgment entered by the state court in his foreclosure proceedings.[3] To this extent, the Anti-Injunction Act, 28 U.S.C. §2283, precludes the court from granting injunctive relief in this case. See Jung Yun v. Bank of Am., N.A., 2016 WL 7324554 (M.D.Pa. Dec. 16, 2016). The Anti-Injunction Act deprives federal district courts of the ability to "grant an injunction to stay proceedings in a State court." 28 U.S.C. §2283. "The Anti-Injunction Act simply does not allow federal courts to enjoin state court proceedings, including mortgage foreclosure actions, absent the application of an exception under the statute." Clark v. United States Bank Nat'l Ass'n, 2004 WL 1380166, at *3 (E.D. Pa. June 18, 2004). There are three narrow exceptions that allow a federal court to grant equitable relief, but the court finds that all three are inapplicable to the present case. See Becker v. Evans, 496 F.Supp. 20, 21 (M.D.Pa. 1980) ("State court proceedings to enforce a state court judgment have been found not to come within any of [the three exceptions of the Anti-Injunction Act], and therefore the district court lacks jurisdiction to issue the injunction [to stay the writ of execution on a state court

---

[3]The plaintiff indicates that he is not challenging the state court foreclosure proceedings; however, he also alleges that "the impending Sheriff's Sale is based on a (sic) earlier state court judgment that fails to account for the more than $30,000 he paid BNY-M's agent both during and after his bankruptcy matter." In doing so, the plaintiff fails to recognize that he was in arrears on his mortgage in an amount of approximately $150,000.

6

judgment].").

The plaintiff attempts to rely on the "necessary in aid of execution" exception to the Act. This exception applies only "to prevent a state court from so interfering with a federal court's consideration or disposition of a case as to seriously impair the federal court's flexibility and authority to decide that case." Atlantic Coast Line Railroad Co., 398 U.S. 281, 295 (1970). As argued by the defendant, this exception is narrow and typically has been limited to removal cases where a district court must ensure its exclusive governance of the particular litigation removed, and in complex class actions or multi-district litigation, where a federal court expends considerable time and resources and a pending state action threatens to derail a tentative settlement. See 1975 Salaried Retirement Plan for Eligible Employees of Crucible, Inc. v. Nobers, 968 F.2d 401 (3d Cir. 1992). The instant action involves none of these circumstances. Thus, the court finds that the "necessary in aid of jurisdiction" exception to the Anti-Injunction Act does not apply here.

With respect the second requirement for a preliminary injunction, the plaintiff has not shown any irreparable harm if the sale were to proceed. The plaintiff does not challenge the legitimacy of the foreclosure proceedings in the state court and, in fact, admits their validity. Moreover, Pennsylvania Rule of Civil Procedure 3132 allows a party to set aside a sale. This procedure is "grounded in equitable principles and is addressed to the sound discretion of

the hearing court." Kaib v. Smith, 684 A.2d 630, 631 (Pa. Super. Ct. 1996). Further, a sale may be set aside where there are irregularities and deficiencies in the sale itself. See Hampton v. Swan, 109 A. 674 (Pa. 1920); Allegheny Cty. v. Golf Resort, Inc., 974 A.2d 1242, 1246 (Pa. Commw. Ct. 2009). Thus, to deem the harm of the sale "irreparable" at this stage would ignore the post-deprivation safeguards, in addition to the pre-deprivation safeguards, provided to the plaintiff under Pennsylvania law.

For the above reasons, the court entered its order of August 25, 2017 and denied the plaintiff's request for injunctive relief.


s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: September 19, 2017**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2017 MEMORANDA\17-1284-01.wpd